**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

United States of America ex rel.
  The Tarbell Group, LLC,

    Plaintiff

      v.

Loudoun Medical Group, P.C.,
Mary Elizabeth Tamasy, and
Unknown John or Jane Does,

    Defendants

*FILED*

2025 JUN 20   A 11: 22

**FILED UNDER SEAL PURSUANT TO
31 U.S.C. § 3730(b)(2)**

Case no. 1:25cv1080

## COMPLAINT

### Nature of the Case

1.    Relator The Tarbell Group, LLC, brings this action for itself and the United States under the False Claims Act, 31 U.S.C. §§ 3729-3733, to recover funds illegally obtained by the defendants under federal COVID-19 relief laws.

2.    Specifically, defendant Loudoun Medical Group, P.C. ("Loudoun Medical") had vastly too many employees, revenues, profits, and assets to be eligible for the Paycheck Protection Program ("PPP"). Nevertheless, Loudoun Medical—acting by and through its CEO, defendant Mary Elizabeth Tamasy, and others unknown—fraudulently applied for and received over $10 million in PPP funds that were earmarked for small business, while others had to go without.

### Jurisdiction and Venue

3.    The Court has jurisdiction of, and is the appropriate venue for, this matter because it arises under a federal law, because the United States is a plaintiff, and because in this judicial district defendant can be found, resides, transacts business in, or committed an act proscribed by the False Claims Act. 28 U.S.C. §§ 1331, 1345; 31 U.S.C. § 3732(a).

## Parties—Relator

4. Relator The Tarbell Group, LLC, is a limited liability company located in and organized under the laws of the Commonwealth of Virginia.

## Parties—Defendants

5. Defendant Loudoun Medical is a multi-group medical practice that includes numerous practices operating under fictitious names, but all part of the same company. On the loan application at issue herein, it gave its address as 224 D Cornwall Street, Suite 403, Leesburg, Virginia 20176.

6. Defendant Mary Elizabeth Tamasy is, and was at all relevant times the chief executive officer of Loudoun Medical, by and through and at whose direction it acted.

7. Defendants Unknown John or Jane Does were at all relevant times directors, officers, employees, or otherwise agents by and through whom Loudoun Medical acted.

## Background

8. To provide economic relief and stimulate the economy during the COVID-19 pandemic, Congress in 2020 enacted the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116-136, amended by, inter alia, the Paycheck Protection Program Flexibility Act of 2020, Pub. L. 116-142 and the American Rescue Plan Act of 2021, Pub. L. 117-2 (2021) (together with implementing regulations, referred to herein as the "PPP Program"). The PPP Program effectively transferred money from the federal government to eligible recipients via the U.S. Small Business Administration ("SBA"). The transfers took the form of private loans guaranteed, forgiven and reimbursed by the SBA ("PPP Loans").

9. As a condition of receiving PPP Loans and forgiveness thereof, each applicant was required to certify its eligibility under the PPP Program.

10.     The PPP at all times included eligibility size standards with respect to employee counts, revenues, profits and assets. The PPP provided that a loan applicant would be combined with its affiliates and treated as one for purposes of determining eligibility under those standards. Affiliates include companies under common ownership, management or control.

11.     Loudoun Medical, by and through and at the direction of the individual defendants, applied for and received a PPP Loan for which they knew it was legally ineligible due to failing the size eligibility standards.

**PPP Loans**

12.     Loudoun Medical, acting by and through and at the direction of the individual defendants, applied and received approval for a PPP Loan on April 29, 2020, in the amount of $10 million.

13.     On September 10, 2021, the SBA granted Loudoun Medical's application to forgive the loan in an amount greater than the original loan, $10,137,777.78, effectively gifting it the loan amount plus interest.

14.     Loudoun Medical failed to meet the size standards for PPP Loan eligibility.

15.     In applying for the loan and forgiveness thereof, Loudoun Medical knowingly and falsely certified that it was eligible to receive the same.

16.     Defendants Tamasy and Unknown John or Jane Does caused Loudoun Medical so to certify falsely and knowingly.

**Cause of Action**
**False Claims Act, 31 U.S.C. § 3729**
**PPP Loans**

17.     Relator repeats and realleges each of the foregoing paragraphs.

18.     Loudoun Medical was ineligible to receive its PPP Loan at the time it applied and received approval for the same.

3

19.    Defendants did knowingly present, or cause or be presented, a false or fraudulent claim for payment or approval, to the injury of the United States, by falsely certifying that the corporate defendants were eligible for a PPP Loan and forgiveness thereof and thereby receiving the same.

20.    Defendants did knowingly make, use, or cause to be made or use, a false record or statement material to a false or fraudulent claim, to the injury of the United States, by falsely certifying that the corporate defendants were eligible for a PPP Loan and forgiveness thereof and thereby receiving the same.

21.    Defendants did knowingly make, use, or cause to be made or used, a false record or statement material to, or did knowingly conceal, or did knowingly and improperly avoid or decrease, an obligation to pay or transmit money or property to the United States government, by falsely certifying that the corporate defendants were eligible for a PPP Loan and forgiveness thereof and thereby receiving the same.

### Prayer for Relief

22.    WHEREFORE, Relator prays for the following relief:

a.    A declaration that each defendant did violate the False Claims Act;

b.    An amount thrice the amount of PPP Loans and interest forgiven or otherwise not repaid with respect to the corporate defendants, lending fees paid by the SBA, foregone interest, and all other damages suffered by the United States government, plus civil penalties and applicable interest, under 31 U.S.C. § 3729(a)(1);

c.    The cost of this civil action under 31 U.S.C. § 3729(a)(3);

d.    An award to relator, including its reasonable expenses, attorneys' fees, and costs, under 31 U.S.C. § 3730(d)(1) or (2), as applicable; and

4

e.    Such other and further relief as may be just and proper.

## Demand for Jury Trial

23.    Relator demands a trial by jury.

Respectfully submitted,

*Bruce Ellis Fein*

Bruce Ellis Fein
Law Office of Bruce Ellis Fein, PLLC
P.O. Box 506
Great Falls, VA 22066
bruce@newdream.net
703-248-0390
*Attorney for Relator The Tarbell Group, LLC*